LAW LIBRARY

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) **CRIMINAL CASE NO. CF0440-10** |
| | ) |
| vs. | ) **DECISION & ORDER RE:** |
| | ) **DEFENDANT'S MOTION TO** |
| ERICKSON ATERADO LIBUT, | ) **CORRECT ILLEGAL SENTENCE** |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon for a motion hearing on October 15, 2013 on Erickson Aterado Libut's (hereinafter "Defendant") Motion to Correct Illegal Sentence (hereinafter "Motion") filed on September 17, 2013. Defendant was present and represented by Attorney Howard Trapp, and Assistant Attorney General Gerald Henderson represented the People.

After reviewing the Defendant's Motion, oral arguments of the People and Defendant, and the applicable statutes and case law, this Court finds that the sentence imposed pursuant to Defendant's Plea Agreement and Judgment was neither unauthorized by the judgment of conviction nor outside the permissible statutory range and hereby **DENIES** Defendant's Motion to Correct Illegal Sentence.

## BACKGROUND

Defendant pled guilty to Criminal Facilitation to Third Degree Robbery (as a Misdemeanor) at a change of plea hearing on May 23, 2011. *See* Plea Agreement (May 31, 2011) and Reporter's Transcript of Proceedings, Change of Plea, May 23, 2011 (Dec. 13, 2013). As part of his Plea Agreement, Defendant was sentenced to two (2) years of probation and a one (1) year suspended prison sentence. *Id.* As of May 23, 2013, Defendant has completed his

probation and as of September 12, 2011, Defendant had completed all the special terms and conditions of his plea agreement. *See* Informational Report from Probation (Sept. 12, 2011) and Letter from Probation (Jun. 24, 2013).

Defendant filed this instant Motion on September 17, 2013 to remove paragraph (a) in his Plea Agreement and the Judgment entered on July 10, 2013 which reads as follows: "That Defendant shall be sentenced to serve **one (1) year** imprisonment, at the Department of Corrections, with credit for time served. This period of incarceration shall be *suspended*." Judgment ¶ (a) (July 10, 2013)(emphasis in original).

Defendant claims that said provision resulted in an illegal sentence under 8 GCA § 120.46 and should be struck because the inclusion of the one year suspended sentence is not required by Guam law and the language is superfluous.

This Court agrees with the Defendant's reasoning that the provision in the plea agreement is surplus language and not required under the laws of Guam. However, superfluous language, if in accordance with the sentencing statutes, does not render the sentence illegal under 8 GCA § 120.46 and this Court may not determine that the sentence imposed was illegal.

## LAW AND ANALYSIS

This Court has jurisdiction to correct an illegal sentence, even over two years after it has been imposed and after it has been fulfilled in full by Defendant. 8 GCA § 120.46 ("The court may correct an illegal sentence at any time..."). *See also People v. Mallo*, 2008 Guam 23 ¶ 13 ("An illegal sentence is void and the right to appeal it cannot be waived...").

Guam adopted its definition of an illegal sentence from the Eighth Circuit in *Mallo*: an illegal sentence is "[a] sentence ... [that] is not authorized by the judgment of conviction or [that] is greater or less than the permissible statutory penalty for the crime." *Mallo* ¶ 13 (quoting

*United States v. Greatwalker*, 285 F.3d 727, 729 (8th Cir. 2002)). The Judgment of Conviction in this case was to Criminal Facilitation to Third Degree Robbery (as a Misdemeanor), as a lesser-related offense of Conspiracy to Commit Third Degree Robbery (as a 3rd Degree Felony). Defendant's conviction of Criminal Facilitation to Third Degree Robbery was properly classified as a misdemeanor in this case. *See* 9 GCA § 4.65 ("Criminal facilitation of a felony of the second or third degree is a misdemeanor.").

With the exception of provisions relating to specific crimes, the sentencing judge's discretion in the exercise of sentencing on Guam is governed by 9 GCA, Chapter 80. Defendant refers specifically to the language of 9 GCA § 80.60 as the basis of his claim that Defendant's sentence is illegal. The statute in question reads as follows:

§ 80.60. **Standards for Imposing or Withholding Probation.**

(a) When Sentence May Not Require Prison Term. The court, in its discretion, may make disposition in respect to any person who has been convicted of a crime without imposing sentence of imprisonment unless a minimum term is made mandatory by a provision of [sic] Guam Codes.

(b) Notwithstanding Subsection (a) the court shall not suspend imposition of sentence or place an offender on probation if, having due regard to the nature and circumstances of the crime and the history, character and condition of the offender, the court finds that imprisonment is necessary for the protection of the public because:

(1) there is undue risk that during the period of a suspended sentence or probation the offender would commit another crime;

(2) the offender is in need of correctional treatment that can be provided most effectively by commitment to an institution; or

(3) a lesser sentence would depreciate the seriousness of the offender's crime.

(c)The following factors, while not controlling, shall be accorded weight in determining whether to suspend imposition of sentence or to place the offender on probation whether:

(1) The offender's criminal conduct neither caused nor threatened serious harm.

(2) The offender did not contemplate that his criminal conduct would cause or threaten serious harm.

(3) There were substantial grounds tending to excuse or justify the offender's criminal conduct, though failing to establish a defense.

(4) The offender has compensated or will compensate the victim of his criminal conduct for the damage or injury which was sustained.

(5) The offender has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(6) The offender is particularly likely to respond affirmatively to probationary treatment.

(d) If a person who has been convicted of a crime is not sentenced to imprisonment, the court shall place him on probation if he is in need of the supervision, guidance, assistance or direction that probation can provide.

9 GCA § 80.60.

When interpreting the meaning of a statute, a "court must look first to the language of the statute itself." *Sumitomo Constr. Co. v. Gov't of Guam*, 2001 Guam 23 ¶ 17. "In looking at the statute's language, the court's task is to determine whether or not the statutory language is plain and unambiguous." *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6 (internal quotation marks omitted) (*quoting Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). This 'plain meaning rule' has been applied to the sentencing laws in Guam by the Guam Supreme Court in *People v. Angoco*: "[t]he plain meaning rule for statutory interpretation provides that 'if the language of a statute is clear and there is no ambiguity, then there is no need to 'interpret' the language by resorting to legislative history or other extrinsic aids.'" *People v. Angoco*, 1998 Guam 10 ¶ 5 (*quoting Church of Scientology v. US Dept. of Justice*, 612 F.2d 417, 421 (9th Cir. 1979). Title 9 GCA § 80.60(a) clearly vests the sentencing judge with the discretion to suspend a term of imprisonment if no minimum term is mandated.

As a misdemeanor, the Court could have sentenced Defendant to "a maximum term not to exceed one (1) year." 9 GCA § 80.34. No minimum term is prescribed.[1] It is well within the statutory power of the Court to fully suspend the imposition of the term of imprisonment and

---

[1] *Cf.* 9 GCA § 80.30(a-b) (minimum terms of imprisonment are mandatory for first and second degree felonies).

place the Defendant on probation under 9 GCA § 80.10(a) or sentence the defendant to confinement for the maximum term of one year under 9 GCA § 80.10(a)(1). In the instant case, Defendant was given credit for time served with the remaining term of imprisonment suspended and placed on two (2) years of probation. The term of probation for a misdemeanor may not exceed two (2) years under 9 GCA § 80.64(a). Defendant was also ordered to pay a fine of $500.00 and to pay restitution, among other conditions permitted by 9 GCA § 80.62(b)(1-13). Consequently, an examination of the terms and conditions of Defendant's Judgment and Plea Agreement do not reveal any penalty which was unauthorized by statute or outside of the statutorily permissible range.

Defendant correctly points out that the Judgment states that "[f]ailure of the Defendant to follow all of the conditions of his probation will result in a hearing to revoke probation at which time the court may impose the maximum sentence allowable under the statute charged as specified in paragraph 2 of this agreement." Judgment ¶ (f) (July 10, 2013). This language is standard in plea agreements drafted by the People, and it reflects the statutory provision permitting a court, in its discretion, after due process and hearing, to revoke probation and impose a sentence up to the maximum faced by a defendant. *See* 9 GCA § 80.66(b) ("When the court revokes a suspension or probation, it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted."). Given this provision in the Judgment and the statute, it is clear that the Court, when it imposed judgment, need not have included a suspended one-year sentence as the Court also retained the power to revoke probation and impose a one-year term of imprisonment during the pendency of the two-year probationary period. Defendant cites to a comment to 9 GCA § 80.60 to bolster this position:

//

"[a] sentence of probation no longer involves or requires suspension of the imposition or execution of any other sentence." Motion at 3 (Sept. 17, 2013).

Assuming *arguendo* that Defendant is correct and the suspended one-year sentence contained in paragraph (a) of the Judgment is superfluous, Defendant fails to identify any legal authority for how this surplusage renders the sentence illegal and this Court has not identified any authority on that point. Each of the aforementioned provisions examined in Defendant's Judgment have a statutory basis in Guam law and are within the permissible ranges and conditions envisioned by the Legislature. There is no basis for the claim that a superfluous provision *in practice* has rendered the *legal* basis for the sentence and judgment contrary to the law.[2] Furthermore, comments to statutes need not be considered if the statutes are clear on their face and the plain meaning rule as discussed earlier applies. *See People v. Theobald*, No. 92-00126A, 1993 WL 128220, at *4 n. 2 (D.Guam App. Div. April 8, 1993) ("comments…have no binding effect on the courts called upon to interpret the rules.").

Defendant directs the Court to 8 U.S.C. § 1101(a)(48)(B) and the application thereof to Defendant's Judgment as resulting in collateral consequences not foreseen or intended by either the People or Defendant.[3] The Immigration and Naturalization Act defines certain categories of crimes, even if a misdemeanor resulting in no term of imprisonment, which render an alien subject to deportation.[4] Of course the preemption doctrine applies to local or state action on issues of federal immigration law and policy. *See Arizona v. United States*, 132 S. Ct. 2492

---

[2] As Defendant argues that the error is a legal one, this Court cannot amend the Judgment under 9 GCA § 120.50. *People v. Alisasis*, 2006 Guam 9 ¶ 14: "it is quite clear that Section 120.50 provides a trial court with limited leeway in making changes to judgments already entered" and "[T]he district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence...."((quoting *United States v. Daddino*, 5 F.3d 262, 264-65 (7th Cir.1993))(Federal Rule of Criminal Procedure 36 is identical to 9 GCA § 120.50)).

[3] The People conceded this issue at oral argument. Minute Sheet at 3:11:06-3:11:33 (Oct. 15, 2013).

[4] In Defendant's case refer to 8 U.S.C. §§ 1101(a)(43)(F-G) and (U) and 1101(a)(48)(A-B).

(2012). In Defendant's case the collateral *civil* consequence of deportation resulting from his Judgment of Conviction are outside the ambit of this Court's jurisdiction under 9 GCA § 120.46.[5]

## CONCLUSION

As this Court finds that the sentence imposed pursuant Defendant's Plea Agreement and Judgment was neither unauthorized by the judgment of conviction nor outside the permissible statutory mandates **IT IS HEREBY ORDERED** that Defendant's Motion to Correct Illegal Sentence is **DENIED**.

No further hearings in this matter are scheduled.

**SO ORDERED** this ___31___ day of January, 2014.

Original Signed By:
Hon. Maria T. Cenzon

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

1·31·14

Jesse C. Franquez
Deputy Clerk, Superior Court of Guam

---

[5] Defendant is not foreclosed from appellate review of a claim of ineffective assistance of counsel for not having been advised of the collateral immigration consequences of his guilty plea pursuant to *Padilla v. Kentucky*, 559 US 356 (2010).